UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| **ROBERTO JUAREZ AND GLORIA JUAREZ,** <br> *Plaintiffs,* <br><br> v. <br><br> **TRISMART SOLAR LLC AND SOLAR MOSAIC LLC,** <br> *Defendants.* | § § § § § § § § § § § § Cause No. 7:24-CV-00527 |

## DEFENDANT SOLAR MOSAIC LLC'S MOTION TO COMPEL ARBITRATION

Defendant Solar Mosaic LLC ("Defendant" or "Mosaic") moves to compel arbitration and dismiss or stay this lawsuit based on the terms of the contract between the parties and the Federal Arbitration Act.

### I.
### INTRODUCTION

Mosaic and Roberto Juarez ("Mr. Juarez") entered into a written contract with a valid, irrevocable and enforceable arbitration clause, and Plaintiffs have filed this lawsuit in violation of that agreement. Accordingly, Mosaic respectfully moves this Court, pursuant to 9 U.S.C. §§ 1 et seq., to stay or dismiss this lawsuit and order the Plaintiffs to submit their dispute to arbitration as provided for in the contract between the parties..

### II.
### FACTUAL BACKGROUND

Mr. Juarez entered into a written agreement with Mosaic for the financing of certain goods and services on or about May 19, 2022 (the "Loan Agreement"). *See* Declaration of

Devon Treece ("Treece Decl."), Exhibit A.[1]   The Loan Agreement contains an arbitration provision which provides, in relevant part, as follows:

> **16. ARBITRATION AGREEMENT**
>
> **PLEASE READ THE FOLLOWING ARBITRATION TERMS CAREFULLY AS THEY WILL HAVE A SUBSTANTIAL IMPACT ON HOW LEGAL CLAIMS YOU AND WE HAVE AGAINST EACH OTHER ARE RESOLVED.** If either you or we elect to arbitrate a Claim rather than have a court (a judge or a jury) decide the Claim, it will be resolved by individual (not class or class-wide) binding arbitration in accordance with the terms specified in this Arbitration Agreement.
>
> * * * *
>
> The term "Claim" has the broadest possible meaning. It includes initial claims, counterclaims, cross-claims, third-party claims and federal, state, local and administrative claims and claims which arose before the effective date of this Arbitration Agreement. It also includes disputes based upon contract, tort, consumer rights, fraud and other intentional torts, constitution, statute, regulation, ordinance, common law and equity and claims for money damages and injunctive or declaratory relief.

Treece Decl., Exhibit A, ¶ 16.

The only relationship between Plaintiffs and Mosaic is based on the Loan Agreement, and the claims asserted against Mosaic fall within the scope of the arbitration clause agreed to by the parties.  Specifically, Plaintiffs allege breach of contract and promissory estoppel, violations of the Texas Deceptive Trade Practices Act, fraud, negligent misrepresentation, conspiracy, liability pursuant to the FTC's "Holder Rule," violation of the Truth in Lending Act, a fraudulent lien, and respondeat superior/joint venture liability. *See* Am. Pet. ¶¶ 13-29.

---

[1] The Agreement is in the Spanish language.  The sections quoted in this Motion and in the supporting documents submitted herewith contain the direct English translations of the quoted provisions.

## III.
## THE FEDERAL ARBITRATION ACT MANDATES ARBITRATION

The parties specifically agreed that the Federal Arbitration Act applies.[2] The Loan Agreement provides:

> **Federal Arbitration Act.** The parties agree and acknowledge that the Loan Agreement evidences a transaction involving interstate commerce and, therefore, the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. ("FAA") shall govern the interpretation and enforcement of this Arbitration Agreement and proceedings pursuant thereto. To the extent state law is applicable under the FAA, the Residence state law will apply.

Treece Decl., Exhibit A, ¶ 16. Section 2 of the Act provides that:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

Further, section 3 of the Act provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which suit is

---

[2] Even if the Federal Arbitration Act did not apply, arbitration should still be compelled under Texas law, which is similar to the FAA. *See* Tex. Civ. Prac. & Rem. Code § 171.001 et seq. Arbitration of disputes is strongly favored under Texas law. *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 898 (Tex. 1995); *Brazoria County v. Knutson*, 142 Tex. 172, 176 S.W.2d 740, 743 (1943). Like the FAA, under Texas law, "[a] court should not deny arbitration '*unless it can be said with positive assurance* that an arbitration clause is *not* susceptible of an interpretation which would cover the dispute at issue.'" *Wachovia Sec. v. Emery*, 186 S.W.3d 107, 113 (Tex. App.—Houston [1st Dist. 2005, no pet.]) (quoting *Prudential Sec.*, 909 S.W.2d at 899) (emphasis in original). Moreover, the party opposing application of an arbitration clause has the burden of demonstrating that their claims fall outside the scope of the arbitration agreement, and the court focuses on the factual allegations of the complaint rather than legal causes of action asserted in determining whether claims fall within the scope of an arbitration agreement. *Marshall*, 909 S.W.2d at 900.

---

> pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . .

*Id.* at § 3.

The Act "applies to transactions involving an economic activity that, in the aggregate, represent a general practice subject to federal control that bears on interstate commerce in a substantial way." *Satomi Owners Ass'n v. Satomi, LLC*, 225 P.3d 213, 224 (Wash. 2009). The Act was designed to "allow parties to avoid the costliness and delays of litigation, and to place arbitration agreements upon the same footing as other contracts." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 510-11 (1974) (internal quotations omitted). It reflects a clear federal preference in favor of arbitration. *See, e.g.*, *Mitsubishi Motors Corp. v. Solar Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985).

In deference to the objectives of the Act, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). The congressional intent behind the Act was to permit enforcement of agreements into which the parties had entered to control the resolution of controversies that may arise between them. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219-26 (1985). Moreover, the FAA "has been interpreted to require that if a dispute presents multiple claims, some arbitrable and some not, the former must be sent to arbitration even if this will lead to piecemeal litigation." *KPMG LLP v. Cocchi*, 565 U.S. 18, 19 (2011) (per curiam). This dispute involves transactions that affect commerce, and because Plaintiffs have breached the arbitration agreement by bringing this lawsuit, sections 3 and 4 of the Act mandate that this court grant Mosaic's Motion to Compel Arbitration.

"[A]rbitration should not be denied 'unless it can be said with positive assurance that [the] arbitration clause is not susceptible of an interpretation which would cover the dispute at issue.'" *Safer v. Nelson Financial Grp., Inc.*, 422 F.3d 289, 294 (5th Cir. 2005) (quoting *Personal Sec. & Safety Sys., Inc. v. Motorola, Inc.,* 297 F.3d 388, 392 (5th Cir. 2002)). The party opposing application of an arbitration clause has the burden of demonstrating that their claims fall outside the scope of the arbitration agreement. *LaRue v. Collateral Recovery Team LLC*, Civil Action H-19-1039, 2019 WL 5538423, *2 (S.D. Tex. Oct. 25, 2019). In determining whether claims fall within the scope of an arbitration agreement, the court focuses on the factual allegations of the complaint rather than legal causes of action asserted. *See Wright v. Igloo Prods. Corp.*, Civil Action No. H-16-202, 2016 WL 11189811, *4 (S.D. Tex. Dec. 13, 2016).

Here, it is undisputed that Mosaic and Plaintiffs entered into a contract that provides for arbitration. Plaintiffs do not dispute that they signed the Loan Agreement. *See* Am. Pet. ¶¶ 11-12. Nor do they allege that they were not given the opportunity to read the Loan Agreement. In any event, whether Plaintiffs took the time to read the Loan Agreement before signing it is inapposite. "Instead of excusing a party's failure to read a contract when the party has an opportunity to do so, the law presumes that the party knows and accepts the contract terms." *Nat'l Prop. Holdings, L.P. v. Westergren*, 453 S.W.3d 419, 425 (Tex. 2015).

All of Plaintiffs' claims arise from or relate to the Loan Agreement and fall within the scope of the Loan Agreement's arbitration clause. *See* Am. Pet. ¶¶ 13-29. The arbitration agreement is broadly worded as it applies to *any* dispute between the parties, not just disputes concerning the Loan Agreement. Indeed, the arbitration agreement requires the parties to arbitrate any claim "whether preexisting, present or future, which arises out of or relates to the Loan Agreement . . . any product or service provided by us or third parties in connection with

your loan, any transaction conducted with us, the collection of amounts you owe us and the manner of collection or the relationship between you and us. . . . It includes . . .federal [and] state [claims] . . .[and] includes disputes based upon contract, tort, consumer rights, fraud and other intentional torts, constitution, statute, regulation, ordinance, common law and equity and claims for money damages and injunctive or declaratory relief." Treece Decl., Exhibit A, ¶ 16.  Thus, the arbitration agreement plainly covers Plaintiffs' claims, which consist of state common law and statutory claims, a federal statutory claim and arise from or relate to the Loan Agreement and the relationship between the parties.  *See* Am. Pet. ¶¶ 13-29.  Moreover, any issues regarding representations made at the time of contracting fall within the scope of the arbitration agreement, and are to be resolved by the arbitrator.  *See* Treece Decl., Exhibit A, ¶ 16.

Plaintiffs signed the Loan Agreement.  Mosaic seeks to enforce the Loan Agreement, and under Federal law, arbitration is mandatory.  Accordingly, Mosaic seeks an order dismissing or staying the lawsuit and compelling Plaintiffs to submit their dispute to binding arbitration pursuant to the terms of the Loan Agreement.

## IV.
## PRAYER FOR RELIEF

For these reasons, Mosaic respectfully asks this court to dismiss or stay the above-captioned proceedings and order Plaintiffs to submit their dispute to arbitration pursuant to the terms of the Loan Agreement.  Mosaic also requests any such other relief to which it may be justly entitled.

Dated:  January 3, 2025

                          Respectfully submitted,

                          SHEPPARD MULLIN RICHTER & HAMPTON LLP

                          By     */s/  Aimee C. Oleson*
                                **Aimee C. Oleson**
                                aoleson@sheppardmullin.com
                                Texas Bar # 24036391
                                SHEPPARD MULLIN RICHTER & HAMPTON LLP
                                2200 Ross Avenue, Suite 2000
                                Dallas, Texas 75201
                                Telephone:  469.391.7418
                                Fax:  469.391.7401

                                *Counsel for Defendant Solar Mosaic LLC*

-8-

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing document has been served on the following counsel via the Court's electronic filing system on January 3, 2025:

Brandon A. Kinard
Abraham Garcia
Carlos A. Saldana
KGS LAW GROUP
150 W. Parker Rd. Suite 705-B
Houston, Texasw 77076
litigation@kgslawpllc.com


*Attorneys for Plaintiff*

D. Joe Griffin
TriSMART Solar, LLC
600 Northpark Central Drive, Suite 140
Houston, Texas 77073
dgriffin@trismartsolar.com

*Attorney for TriSmart Solar, LLC*


                                                      /s/  Aimee C. Oleson
                                                      Aimee C. Oleson